ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS ADAMS, | ) | CASE NO. 5:03CV2488 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| AMERICAN BUSINESS CREDIT, et al., | ) | [RESOLVING DOC. 24] |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action is before the Court upon plaintiff's *pro se* Motion to Rescind or Set-Aside its Order Due to Bankruptcy Petition (Doc. 24), filed on June 17, 2005.

On December 5, 2003, plaintiff Thomas Adams, *pro se*, filed this action against defendants American Business Credit, Inc., Upland Mortgage, New Jersey Mortgage and Investment Corporation, and Tiger Relocation Company. All claims and issues arose from a March 10, 1999 commercial loan transaction between the plaintiff and ABC Holdings Corporation.

Unbeknownst to the Court until the filing of the within motion, on December 11, 2003, plaintiff, by and through counsel, filed a voluntary petition for relief in a case under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Ohio, being Case No. 03-56534.

On April 1, 2004, this Court entered an Order and Decision (Doc. 22) and Judgment Entry (Doc. 23) that granted summary judgment to the defendants. The Court held that the doctrines of

*res judicata* and collateral estoppel precluded prosecution of the plaintiff's claims in the case at bar. Doc. 22 at 4. Plaintiff filed no appeal from the summary judgment decision, nor did he object at that time to its being entered during the pendency of his bankruptcy case.

Because the automatic stay applies to "the commencement or continuation . . . of a judicial . . . proceeding against the debtor," 11 U.S.C. § 362(a)(1), it is well-established that it does not apply to a proceeding brought by the debtor that inures to the benefit of the debtor's estate. *Merchants & Farmers Bank of Dumas, Ark. v. Hill*, 122 B.R. 539, 541 (E.D.Ark. 1990), and cases cited therein.

Moreover, of the six enumerated grounds for relief under Fed. R. Civ. P. 60(b), only the last three are at issue in the within motion.[1] Plaintiff was before this Court when the Order and Decision (Doc. 22) and Judgment Entry (Doc. 23) were entered and had notice of them and had a full and fair, unimpeded opportunity to challenge them, and the Court's jurisdiction, by appeal. Therefore, the plaintiff is now barred from challenging this Court's jurisdiction in a Rule 60(b)(4) proceeding. *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990).

Rule 60(b)(5) authorizes relief from a final judgment when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." None of these three circumstances apply to the case at bar.

---

[1] Motions for relief under subsections (1)-(3) of Rule 60(b) must be brought within one year of the date that the judgment becomes final. The within motion was filed over 14 months after entry of the Judgment Entry in question.

2

Rule 60(b)(6), the so-called "catch-all" provision, authorizes relief from a judgment for "any other reason justifying relief from the operation of the judgment." The Court finds that the plaintiff has failed to demonstrate that he is entitled to the relief sought. Relief under Rule 60(b)(6) should be applied "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b)]." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Accordingly,

Plaintiff's Motion to Rescind or Set-Aside its Order Due to Bankruptcy Petition (Doc. 24) is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| August 9, 2005 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |